CASE 10—PETITION ORDINARY—DECEMBER 14.

# Henderson and Nashville Railroad Company vs. Moss.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. One who has subscribed to the capital stock of a railroad company on conditions, may, with the assent of the company, make his subscription absolute, and a note given payable absolutely, in lieu of such conditional obligation, will be presumed to have been given on sufficient consideration.

2. If a condition upon which a part of the subscription is payable has been performed, and a subscriber gives his note, unconditionally, for the whole, payable at a future day, the postponement of payment of that part then due is a sufficient consideration for a promise to pay the residue before it would have been due by the original terms.

J. Barret, for appellant, cited 7 *B. Mon.*, 74; 4 *Litt.*, 166; 2 *B. Mon.*, 68; 3 *Mon.*, 383; 8 *B. Mon.*, 68.

Cate vs. Ross.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Admitting that appellees subscribed to the capital stock of appellants upon the terms and conditions averred in their answer, still they had a right, with the assent of appellants, to change and vary those terms and conditions; and if, without mistake on their part, or fraud on the part of appellants or their agents, of which there is no proof, they executed the note sued on binding themselves to pay the amount thereof unconditionally, they must be presumed to have undertaken to pay the same upon a sufficient consideration, and that is the legal implication from the execution of the note.

Moreover, five miles of the road was so far completed as to be in a condition to put the running stock on, and the first installment of their subscription was then due and payable, and a postponement of the payment until the first of March following was a sufficient consideration to uphold the writing.

But McEwen proves that the note sued on was written for the whole of appellee's (Sam'l Moss) subscription, at his own request, and for the first installment of R. E. Moss' subscription. They both signed it after they had become subscribers to the capital stock of appellants. It is absolute and unconditional on its face, and its payment cannot be defeated by conditions annexed to their original subscriptions.

Wherefore, the judgment is *reversed*, and the cause remanded, that a new trial may be awarded, and for further proceedings consistent with this opinion.